**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| NATIONAL SPECIALTY INSURANCE COMPANY, | 1:19-cv-21122-NLH-AMD |
| Plaintiff, | **MEMORANDUM OPINION & ORDER** |
| v. | |
| NEW JERSEY AMERICAN WATER COMPANY, INC., et al., | |
| Defendants. | |

**APPEARANCES:**

DENISE MARRA DEPEKARY
WEBER GALLAGHER SIMPSON STAPLETON FIRES & NEWBY LLP
1 CROSSROADS DRIVE
SUITE 102A
BEDMINSTER, NJ 07921

   *On behalf of Plaintiff*

DANTE C. ROHR
MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN, PC
15000 MIDLANTIC DRIVE
P. O. BOX 5429
SUITE 200
MT. LAUREL, NJ 08054

   *On behalf of removing Defendant New Jersey American Water Company, Inc.*

**HILLMAN, District Judge**

On December 5, 2019, Defendant New Jersey American Water Company, Inc. removed Plaintiff's case from New Jersey Superior Court to this Court. On December 10, 2019, the Court issued an Order to Show Cause as to why the matter should not be remanded to state court because even though Defendant's notice of removal

stated that this Court has jurisdiction over this matter based on 28 U.S.C. § 1332(a), the notice of removal failed to aver that the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs as required by the statute. (Docket No. 4.)

The Court provided Defendant with 15 days to file an amended notice to properly comply with 28 U.S.C. § 1332 or face remand for lack of subject matter jurisdiction. See 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

On December 23, 2019, Defendant filed an amended notice of removal which contained the averment that the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. (Docket No. 7.) Thus, absent a timely challenge by Plaintiff,[1] Defendant's amended notice of removal

---

[1] In the Order to Show Cause, the Court noted that Plaintiff is a citizen of Texas and Defendants are citizens of New Jersey, and relative to Defendants' citizenship, under 28 U.S.C. § 1441(b)(2), a civil action in which jurisdiction is based on diversity of citizenship may be removed "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." Under 28 U.S.C. § 1447(c), however, this defect is waived if not raised within 30 days after the notice of removal is filed. Blackburn v. United Parcel Service, Inc., 179 F.3d 81, 90 (3d Cir. 1999) (citing Korea Exch. Bank v. Trackwise Sales Corp., 66 F.3d 46, 50-51 (3d Cir. 1995) ("Because removal by a forum defendant in noncompliance with section 1441(b) does not deprive a federal court of subject matter jurisdiction, it is clear

properly established subject matter jurisdiction over this action under 28 U.S.C. § 1332(a).

On January 6, 2020, Defendant filed a stipulation and proposed consent order to remand the matter to state court. (Docket No. 8.)  The stipulation and proposed consent order does not contain any basis for remand other than the parties' agreement to return to state court.

The parties' agreement to remand is without force.  A "post-removal agreement to the remand of the case to state court does not provide the mechanism for remand.  The parties cannot unilaterally consent to the remand of the case when this Court had at the time or removal, and continues to have, subject matter jurisdiction over the action." McNally v. Waterford Township, 2019 WL 6117728, at *2 (D.N.J. Nov. 18, 2019).  Similar efforts by parties to return to state court are also ineffectual when subject matter jurisdiction has been established in this Court.  See id. (where the parties filed a proposed consent order to remand based on the plaintiff's post-

---

under section 1447(c) that this irregularity must be the subject of a motion to remand within 30 days after filing the notice of removal.").  Additionally, under 28 U.S.C. § 1446(b)(2)(A), "[w]hen a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action."  The removing Defendant did not indicate whether the requirements of § 1446(b)(2)(A) had been satisfied.  Again, however, this defect is subject to the waiver provision in § 1447(c).  No timely § 1441(b)(2) or § 1446(b)(2)(A) objections were filed.

removal amended complaint that dismissed his federal claim, which was the basis for subject matter jurisdiction, finding that the dismissal of the federal claims and their agreement to remand did not provide a valid mechanism to remand the matter to state court because subject matter jurisdiction existed under 28 U.S.C. § 1367(a)) (citing Duffy v. Absecon Police Department, 2019 WL 5265322, at *1 (D.N.J. Oct. 17, 2019) (citing Tom's Landscaping Contractors, LLC v. Ernest Bock & Sons, Inc., 2018 WL 5294510, at *2 (D.N.J. 2018)) (declining to endorse the parties' "Consent Order Permitting Plaintiff to File Amended Complaint and For Remand of Entire Action to State Court," where the amended complaint would add a non-diverse party, because the filing of the plaintiff's amended complaint would not defeat subject matter jurisdiction if such jurisdiction existed at the time the defendant removed plaintiff's original complaint) (citing Mollan v. Torrance, 22 U.S. 537, 539 (1824), quoted in Grupo Dataflux v. Atlas Global Grp., L.P., 541 U.S. 567, 570 (2004) ("It has been long and well-established that in determining whether a federal court may exercise jurisdiction based upon diversity of citizenship, the court must look to 'the state of things at the time of the action brought.'"); St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 294–95 (1938) ("It uniformly has been held that in a suit properly begun in the federal court the change of citizenship of a party does not

oust the jurisdiction. The same rule governs a suit originally brought in a state court and removed to a federal court.")); St. Paul Mercury Indem. Co., 303 U.S. at 292-93 (announcing long ago that "the plaintiff after removal, by stipulation, by affidavit, or by amendment of his pleadings, reduces the claim below the requisite amount, [] does not deprive the district court of jurisdiction," and further reiterating that "events occurring subsequent to removal which reduce the amount recoverable, whether beyond the plaintiff's control or the result of his volition, do not oust the district court's jurisdiction once it has attached").

This Court has previously explained, "two things are equally true. This is a court of limited jurisdiction. It must not exercise its considerable power beyond the scope of its authority as conferred by the Constitution and statute. However, it is equally so that this Court has an unflagging obligation to maintain its jurisdiction, once conferred." Farren v. FCA US, LLC, 2018 WL 372168, at *3 (D.N.J. 2018). Because Plaintiff has not challenged the procedural propriety of the removal, the Court properly maintains subject matter jurisdiction over the action under 28 U.S.C. § 1332(a) - at the time of removal there was diversity of citizenship between Plaintiff and Defendants, and the amount in controversy exceeded $75,000. Consequently, the parties' request that the Court

5

order the remand of the action to state court must be denied.[2]

SO ORDERED.


Date: January 13, 2020                     s/ Noel L. Hillman
At Camden, New Jersey                     NOEL L. HILLMAN, U.S.D.J.

---

[2] As the Court noted in Farren, 2018 WL 372168, at *3 n.2, neither Plaintiff nor Defendant are prisoners of the federal court if they would rather return to state court.  The parties may follow Fed. R. Civ. P. 41(a)(1)(A), which provides that after a defendant has filed an answer, which Defendant did here on December 6, 2019 (Docket No. 3), a plaintiff may dismiss its action without a court order by filing a stipulation of dismissal signed by all parties.  Thereafter, Plaintiff may refile its action in state court.